UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH DUNBAR, individually and on Behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No.:  5:12-cv-003305-LHK<br><br>ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT |

Before the Court is Plaintiff's Motion for Leave to File His Third Amended Class Action Complaint ("Motion for Leave to Amend").  ECF No. 205.  Having considered the parties' submissions, the parties' arguments at the November 29, 2012 hearing, and the relevant case law, the Court GRANTS Plaintiff's Motion for Leave to Amend.

## I.    BACKGROUND

### A.  Filing of the Complaint and Motions to Dismiss

Plaintiff is a customer of "Cable One," an internet service provider.  Second Amended Complaint, ECF No. 91 ("SAC") ¶ 18.  In addition to providing Plaintiff with internet services, Cable One provides Plaintiff and his family with email accounts featuring @cableone.net addresses.  *Id.* Plaintiff's Cable One email account is currently serviced by Google.  *Id.* ¶ 19.

On November 17, 2010, Plaintiff filed a class action complaint against Defendant Google Inc. ("Google") in the United States District Court for the Eastern District of Texas.  ECF No. 1

United States District Court
For the Northern District of California

("Complaint").  In the Complaint, Plaintiff alleged that Google unlawfully and intentionally intercepted and used electronic communications to display advertisements in violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 *et. seq.* ("ECPA").  *See* Complaint ¶¶ 22-63, 71-86.  Plaintiff sought to certify a class consisting of:

> All persons located within the United States who sent emails from a non-Gmail account email address to a Gmail account e-mail address from within two years before the filing of this action up through and including the date of the judgment in this case…

*Id.* ¶ 64.  Google was served on November 30, 2010.  ECF No. 4.  Google subsequently requested, and was granted an extension of time until February 4, 2011 to file a response to the Complaint. *See* ECF Nos. 10.

On February 5, 2011, Google moved to dismiss the Complaint.  ECF No. 13. In its motion to dismiss, Google argued *inter alia* that Plaintiff's ECPA claim failed because: (1) Plaintiff failed to allege that Google's "interception" of Plaintiff's email was accomplished "through the use of a 'device'," a requirement for an ECPA claim, and (2) the recipient of each email, the Gmail user, gave consent to Google's scanning of the email by agreeing to Google's Terms of Service.  *Id.* at 2.

On February 21, 2011, rather than respond to Google's motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC").  ECF No. 17.  In the FAC, Plaintiff again contended that Google unlawfully and intentionally intercepted Plaintiff's emails in violation of the ECPA.  *Id.* ¶ 6.  However, Plaintiff included additional allegations to address Google's arguments, in Google's motion to dismiss the Complaint, regarding consent and the failure to assert a device, as is required to bring a claim under the ECPA.  *See id.* ¶¶ 49-50, 59-60, 66, 69, 71-72, 75-76, 79-149.  Plaintiff's proposed class definition remained unchanged.  *See id.* ¶ 190.

Google moved to dismiss the FAC on March 10, 2011.  ECF No. 23.  Google argued *inter alia* that Plaintiff failed to state a claim under the ECPA because the Gmail account holder, one of the parties to the e-mail communication, consented to the alleged interception by agreeing to Google's Terms of Service.  *Id.* at 2.  The Court, Judge David Folsom presiding, denied Google's motion to dismiss on May 23, 2011.  *See* ECF No. 61 at 8.

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

*United States District Court*
For the Northern District of California

**B. The Scheduling Order**

On July 7, 2011, following the denial of Google's motion to dismiss, Google moved for a scheduling order. ECF No. 80. Notably, Google's proposed August 29, 2011, approximately 9 months after the filing of the Complaint, as the deadline for Plaintiff to file a motion for class certification. *Id.* at 2. Google also proposed October 31, 2011 as the deadline to complete class discovery. *Id.* Plaintiff proposed September 15, 2011 as the deadline for filing Plaintiff's motion for class certification and November 23, 2011 as the deadline to complete discovery on class certification. *Id.*

Google additionally proposed that discovery on the merits be stayed until after class certification. *Id.* The parties mutually agreed that Plaintiff's motion for class certification should be heard on December 8, 2011, more than a year after the filing of the Complaint. *Id.* The parties also agreed that the deadline to amend the pleadings should be August 1, 2011. *Id.* at 3.

On September 1, 2011, the Court entered a scheduling order. ECF No. 90. The scheduling order set forth a September 5, 2011 deadline for Plaintiff to: (1) amend the pleadings, and (2) file a motion for class certification. *Id.* at 1-2. The scheduling order further provided that the deadline for completing discovery relating to class certification was October 25, 2011. *Id.* at 2. No deadline was provided for the completion of discovery on the merits. Indeed, pursuant to Google's request, the Court provided that, until resolution of Plaintiff's motion for class certification, discovery would be limited to class certification issues. *Id.*

**C. Plaintiff Learns that Emails Received on Plaintiff's Cable One Account are Scanned by Google**

During a meet and confer on June 28, 2011, Google's counsel notified Plaintiff's counsel that Google could produce, in response to certain discovery requests, Plaintiff's own email inbox from Plaintiff's Cable One email account. Motion for Leave to Amend at 3 (citing Declaration of Sean F. Rommel in Support of Plaintiff's Motion for Leave to File His Third Amended Class Action Complaint ("Rommel Decl."), Ex. E-2). Plaintiff states that Plaintiff's counsel asked Google's counsel how Google could produce Plaintiff's email and Google's counsel informed Plaintiff's counsel that emails received by Plaintiff on Plaintiff's Cable One account were "treated

3

the same as" emails received by Gmail users. *Id.* Plaintiff contends that this was the "first time that Plaintiff and his Counsel became aware that Plaintiff's [Cable One] emails… were scanned by Google" in the same way as emails received by Gmail users are scanned. *Id.*

On July 15, 2011, two weeks after the June 28, 2011 meet and confer, Plaintiff deposed Thompson Alexander Ivor Gawley, Google's senior product manager for the Gmail System. *See* Declaration of Whitty Somvichian in Support of Google Inc.'s Brief in Opposition to Plaintiffs' Motion for Leave to File His Third Amended Complaint ("Somvichian Decl."), ECF No 210-4, Ex. A. Mr. Gawley indicated "that certain pieces of Gmail infrastructure did perform scans and extract information from emails received by Cable One Google Apps emails." Reply at 4 (citing Rommel Declaration, Exhibit O at 209:11-18, 23-24; 210:5-14; 175:1-7; 176:1-2; 177:17-178:10). For example, Mr. Gawley stated that Google uses "Content Onebox," which Mr. Gawley described as "a piece of Gmail infrastructure," to scan Plaintiff's email and extract information, which subsequently is stored as metadata. *See* Somvichian Decl., Ex. A at 209:11-13, 211:19-212:8; *id.* at 85:4-86:13 (stating that Google has retained data extracted from scans of Mr. Dunbar's email since Mr. Dunbar's Cable One email account was first transitioned to being a Google-serviced Cable One email account).

In early July, after learning that Plaintiff's emails were being scanned by Google, Plaintiff's counsel pushed Google to respond to two previously served interrogatories and at least one document request seeking information in Google's possession relating to Plaintiff's Cable One email account. *See* Rommel Decl., Ex. E-8. The interrogatories and document requests were originally served on May 12, 2011, prior to the June 28, 2011 meet and confer. *Id.*, Ex. E-3. Google had previously objected to these requests and refused to produce the requested information. *See Id.*, Ex. D. In response to Plaintiff's efforts to meet and confer regarding Plaintiff's requests, Google stated that Google did "not believe the [FAC] supports requests for… information" Google "may have [regarding] Mr. Dunbar, including incoming and outgoing e-mails related to bdunbar@cableone.net." *Id.*, Ex. E-9. Plaintiff contended that information in Google's possession relating to Plaintiff and his Cable One email account was particularly relevant in light of Google's

4

"revelation last Tuesday that Google scans the content of cableone.net emails… and [Google's] repeated assertion[s] that [Plaintiff's] email was Gmail…."  *See Id.*, Ex. E-8.

### D.  Second Amended Complaint and Motion for Class Certification

On September 15, 2011, the deadline to amend the pleadings, Plaintiff filed his Second Amended Complaint (ECF No. 91) ("SAC") and his Sealed Motion for Class Certification (ECF No. 100) ("Motion for Class Certification").  In the SAC, Plaintiff alleged a new class definition which included:

> All natural persons located within the United States who sent emails from a non-@gmail.com account email address to an @gmail.com account e-mail address from within two years before the filing of this action up through and including the date of the judgment in this case;

> AND

> All natural persons located within the United States who sent emails from non@gmail.com account email addresses *to an @cableone.net account email address* serviced by Google from within two years before the filing of this action through and including the date of the judgment in this case.

> Excluded from the class are the following individuals and/or entities:

> …

> e. Individuals, if any, who seek actual damages and profits from Google…

SAC at ¶ 209 (emphasis added).

On March 3, 2012, Judge Folsom entered a sealed order denying Plaintiff's Motion for Class Certification "without prejudice."  ECF No. 156 ("Order Denying Class Certification") at 1. In the Order Denying Class Certification, Judge Folsom set forth the standards governing class certification.  Specifically, Judge Folsom stated that plaintiffs seeking to certify a class "must meet the four requirements of Rule 23(a): (1) the proposed class must be so numerous that joinder of all members is impracticable ('numerosity'); (2) there must be questions of law or fact common to the proposed class ('commonality'); (3) the claims or defenses of the representatives must be typical of those of the proposed class ('typicality'); and (4) the representative parties must fairly and adequately protect the interests of the proposed class ('adequacy')."  *Id.* at 6 (citing Fed. R. Civ. P. 23(a)).  Judge Folsom further stated that, whereas here, Plaintiff is pursuing class certification

5

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  under Rule 23(b)(3), Plaintiff must additionally show that: (1) "questions of law or fact common to

2  class members predominate over an questions affecting only individual members" (predominance),

3  and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating

4  the controversy" (superiority).  *Id.* (quoting Fed. R. Civ. P. 23(b)(3)).

5       Judge Folsom found that many of the requirements for class certification were satisfied.

6  Specifically, Judge Folsom found that: (1) Plaintiff had standing to pursue his claims (*see id.* at 9-

7  10); (2) Plaintiff's proposed class met the numerosity requirement (*see id.* at 10); (3) Plaintiff's

8  proposed class met the commonality requirement (*see id.* at 10-14); and (4) Plaintiff's proposed

9  class met the typicality requirement (*see id.* at 14).  Judge Folsom also found that Plaintiff and his

10  counsel satisfied the adequacy requirement.  *See id.* at 14-16.  Judge Folsom nevertheless denied

11  class certification because Plaintiff's proposed class was not ascertainable (*see id.* at 7-9), and

12  because Plaintiff failed to provide a sufficient trial plan for the Court to evaluate the predominance

13  and superiority requirements (*see id.* at 16-22).

14       Judge Folsom held that the proposed class was not ascertainable for two reasons.  *Id.* at 7-9.

15  First, Judge Folsom held that the proposed class definition was "subjective" because it excluded

16  "those who 'seek' actual damages rather than those who have 'suffered' or 'incurred' actual

17  damages."  *Id.* at 9.  Judge Folsom held that "Plaintiff's… subjective formulation of the exclusion

18  would allow prospective class members to wait for a ruling on the merits before deciding whether

19  to exclude themselves by alleging that they seek actual damages and profits."  *Id.*  Second, Judge

20  Folsom held that Plaintiff's proposed class definition was flawed because it would include "40

21  million Google Apps customers who use Gmail but have a non-@gmail.com email address."  *Id.* at

22  8; *id.* at 9 (holding that "Plaintiff [did] not address[] how its class definition resolves the problem

23  that Google Apps users use Gmail but have a non-@gmail.com address").  Accordingly, Judge

24  Folsom concluded that "Plaintiff's… proposed class [was] not reasonably ascertainable."  *Id.* at 9.

25       With respect to superiority, Judge Folsom identified two issues with Plaintiff's proposed

26  class definition.  First, identifying the potential class members, which included any United States

27  citizen who sent an email from a non-@gmail.com email account to an @gmail.com or

28  @cableone.net email account within the two years before Plaintiff's action was filed, would require

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

**United States District Court**
For the Northern District of California

1  reviewing the "email header logs (and possibly the email content itself) for millions of Gmail

2  users." *Id.* at 18.  Many of Google's members would be opposed to such a review on privacy

3  grounds.  *Id.*  An individual action would appear to be superior in this respect as the plaintiff (the

4  non-@gmail.com account holder) would identify himself upon filing a complaint.  *Id.*

5      Judge Folsom also held that Plaintiff's proposed trial plan, which consisted of marked-up

6  and highlighted court documents from other cases, was not sufficient to allow the Court to resolve

7  key issues relating to superiority.   *See id.* at 20.  For example, Plaintiff's trial plan included a

8  comment stating that "Plaintiff anticipates an administrator or group will be retained for purposes

9  of publishing notice, establishing a website, and administering the information to and from class

10  members…." *Id.* at 19.  Judge Folsom held that this comment, and Plaintiff's submission of

11  marked up documents from other cases, did not provide the "detailed analysis of the

12  'administration of the trial'" necessary for the Court "to evaluate the superiority requirement…."

13  *Id.* at 20 (citing *Madison v. Chalmette Refining, LLC*, 637 F.3d 551, 557 (5th Cir. 2011).

14      Judge Folsom reached a similar conclusion with respect to predominance.  *Id.* at 22.  In

15  Google's opposition to the Motion for Class Certification, Google had argued that "'[i]ndividual

16  issue[s] of consent will predominate' over any common factual questions regarding how Google

17  processes email." *Id.* at 21 (quoting ECF No. 119 at 15, 17-18).  Specifically, Google argued that

18  the parties and the Court would be required to conduct individualized inquiries into whether either

19  the sender or the recipient of each email gave express or implied consent for Google to scan the

20  email. *Id.* at 21-22.  With respect to implied consent, Google contended that determining whether

21  an individual email sender or recipient implicitly consented to the scanning would require inquiries

22  into "the knowledge, circumstances, and actions of each" sender or recipient.  *Id*. at 21 (citing ECF

23  No. 119 at 18).  After reviewing Google's arguments, Judge Folsom held that Plaintiff had failed

24  "to provide a sufficient trial plan for the Court to evaluate the predominance requirement of Rule

25  23(b)(3)." *Id.* at 22 (citing *Madison*, 637 F.3d at 557).

26      In light of the issues with respect to ascertainability, predominance, and superiority, Judge

27  Folsom denied Plaintiff's Motion for Class Certification.  *Id.* at 23.  However Judge Folsom's also

28  stated that his denial was "without prejudice."  *Id.*

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

### E.   Reassignment to Judge Schneider and Transfer to the Northern District of California

Judge Folsom retired from the bench on March 17, 2012, and the matter was subsequently reassigned to Judge Schneider. *See* ECF No. 157.  Judge Schneider ordered the parties to conduct a Rule 26(f) conference and report to the Court.  ECF No. 159.  On April 20, 2012, Google filed a Motion to Dismiss or in the Alternative, Motion to Transfer ("Motion to Transfer").  ECF No. 160. On May 31, 2012, the parties submitted a sealed Joint Discovery/Case Management Plan.  ECF No. 173.

In the Joint Discovery/Case Management Plan, in response to a prompt requesting that the parties describe any class action issues, Plaintiff noted that Judge Folsom had "found in favor of" with respect to several key areas regarding class certification.  *Id.* at 9.  Plaintiff requested that "the Court to allow [Plaintiff] to… take additional discovery on limited class certification topics, designate additional experts, amend his Complaint, and re-file his motion for class certification." *Id.* at 10.  Plaintiff stated that he intended to *inter alia*: "(1) reduce the scope of the class to include Texas residents only in support of a notice plan, administration of the class, and manageability; (2) re-define the recipients in the first class definition as to emails sent to @gmail.com email addresses, specifically; [and] (3) as Judge Folsom directed, modify the class definition…[to provide that] those claiming actual damages must opt out…" *Id.*

On June 7, 2012, the parties appeared before Judge Schneider.  *See* Somvichian Decl., Ex D.  At the hearing, the parties addressed Plaintiff's request to amend the SAC and file a new motion for class certification, as well as Defendants' Motion to Transfer.  *See id.* at 5:24-6:3, 19:2- 4.  Plaintiff argued that, in light of Judge Folsom's denial without prejudice, Plaintiff should be permitted to amend the SAC and file a new motion for class certification.  *See e.g. id.* at 5:16-18, 9:23-16:18.  Google argued that, notwithstanding the fact that Judge Folsom's denial of Plaintiff's Motion for Class Certification was without prejudice, Plaintiff should not be permitted to file another Motion for Class Certification.  *See id.* at 8:5-11.  Google asserted that Plaintiff would be unable to remedy the issues identified by Judge Folsom, in particular the predominance of individualized issues of consent.  *See id.* at 16:22-18:18.  Google argued that, in any event, the

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

issue of whether Plaintiff should be permitted another attempt to certify a class should be tabled because Plaintiff had yet to actually file a new motion for class certification. *Id.* at 8:3-9:1.

In response to Defendants' argument that the class certification issue should be put off until a later date, Judge Schneider stated "[l]et's go ahead since we've already raised it and… I think I would need to let you know my feelings on whether or not we breathe new life into the class action nor not." *Id.* at 9:14-17.   Judge Schneider went on to state: "I'm going to go ahead and accept [Judge Folsom's] ruling on the case.  I find it – he said without prejudice.  I am now looking at the reasoning that applied there and I feel that the Plaintiffs have had their bite at the apple.  I'll give you a more specific ruling on this… in my memorandum." *Id.* at 18:21-19:1

Judge Schneider did not issue a memorandum on the class certification issue.  However, on June 22, 2012, Judge Schnieder issued a memorandum addressing Defendants' Motion to Transfer. *See* ECF No. 178 ("Transfer Order").  In the "Background" section of the Transfer Order, Judge Schneider stated:

> "Plaintiff asked the Court to reopen class discovery and enter a new certification that would last through early 2013.  But Plaintiff's request for yet another bite at the apple—essentially restarting the case—is without merit. Furthermore, Plaintiff's proposed plan to reopen the certification issue likely would not correct the deficiencies previously identified by the Court. Accordingly, the Court instructed Plaintiff during the scheduling conference on June 7, 2012 that it would not entertain a renewed motion to certify the class."

*Id.* at 1.  Judge Schneider went on to order that the case be transferred to the Northern District of California. *Id.* at 11.

### A.  Proceedings Before the Instant Court

Pursuant to the Transfer Order, on June 27, 2012, the case was transferred to the Northern District of California and assigned to the undersigned Judge. *See* ECF No. 179.  On July 23, 2012, the instant Court issued an order that, among other things, required the parties to file a status report regarding the possible amendment of the Complaint.  ECF No. 180.  The parties filed their status report on August 3, 2012. *See* ECF No. 192.  Defendants argued that Judge Schneider's Transfer Order precluded any renewal of Plaintiff's class certification motion. *Id.* at 2.  Plaintiff indicated that he intended to file a motion for leave to amend and a second motion for class certification. *Id.* at 2-3.  Plaintiff stated that he would provide more information regarding his proposed motions in

9

1   the parties Joint Case Management Statement, which was due on August 22, 2012.  *Id.*  Plaintiff

2   also asserted that Plaintiff, "in his status as a Google Apps user [could] properly represent a class

3   of others similarly situated and that such a class is not precluded by any prior order."  *Id.* at 3.

4         A Case Management Conference was set for August 29, 2012.  ECF No. 180.  The parties

5   submitted their Joint Case Management Statement on August 22, 2012.  ECF No. 201.  In the Joint

6   Case Management Statement, the parties once again contested whether Plaintiff should be

7   permitted to amend the Complaint to allege a new class, and whether Plaintiff should be permitted

8   to file a new Motion for Class Certification.  *See id.* at 1-5, 7-8.  In support of Plaintiff's contention

9   that he should be granted leave to amend, Plaintiff argued that Google had failed to produce

10  documents showing Google was scanning Plaintiff's email and the email of users of Google-

11  serviced email accounts like Plaintiff's until after the September 15, 2011 deadline to amend the

12  pleadings.  *Id.* at 3.  Plaintiff also argued that, in light of this information, Plaintiff would seek

13  "leave to amend his individual claims to seek relief for the unlawful interception and use of emails

14  sent to [Plaintiff] as a Google Apps user."  *Id.*

15        On August 28, 2012, one day before the Case Management Conference, Plaintiff filed this

16  Motion for Leave to File His Third Amended Class Action Complaint ("Motion for Leave to

17  Amend").  In Plaintiff's proposed Third Amended Complaint (ECF No. 206-1) ("TAC"), Plaintiff

18  modifies portions of the SAC to focus on a new class consisting of:

19         All Cable One users with a Cable One Google Apps email account who sent email
           messages to a Gmail user or received email messages pursuant to the account
20         within two years before the filing of this action up through and including the date
           of class certification.
21

22  TAC ¶ 128.  The TAC further provides that "[u]pon Court-approved notice, any Class Member

23  who desires to seek actual damages… may opt-out OR remain in the Class and be bound by the

24  remedies and results sought herein."  *Id.* ¶ 137.

25        Defendant filed its Opposition to Plaintiff's Motion for Leave to Amend on September 18,

26  2012.  ECF No. 210-3 ("Opposition").  Plaintiff filed his Reply on October 9, 2012.  ECF No. 214-

27  3 ("Reply").

28

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it.  Fed. R. Civ. Pro. 15(a)(1).  After that initial period has passed, amendment is permitted only with the opposing party's written consent or leave of the court.  Fed. R. Civ. Pro. 15(a)(2).  Rule 15 instructs that "[t]he court should freely give leave when justice so requires."  *Id.*  Although this rule "should be interpreted with extreme liberality, leave to amend is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citation and quotation marks omitted).  Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *DCD Programs, Ltd v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (citation omitted).  "The party opposing leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs*, 833 F.2d at 187).

## III.     DISCUSSION

Google makes two arguments as to why Plaintiff's Motion for Leave to Amend should be denied.  First, Google argues that Judge Schneider has already denied Plaintiff's request to amend the SAC and bring a new motion for class certification.  Opposition at 11.  Google contends that Judge Schneider's decision is the law of the case.  *Id.*  Second Google argues that Plaintiff should not be permitted leave to amend because: (1) Plaintiff unduly delayed in seeking leave to amend; (2) Google will be prejudiced if leave to amend is granted; and (3) Plaintiff's proposed amendments would be futile.  *See id* at 13-20.  The Court addresses each of Google's arguments in turn.

### A.  Judge Schneider's Statements Are Not the "Law of the Case"

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Defendant argues that Plaintiff is precluded from seeking leave to file his Third Amended

2   Complaint ("TAC") because Judge Schneider already considered and rejected Plaintiff's request to

3   amend his Complaint.  Opposition at 11.  As set forth *supra* Section I(E), at the June 7, 2011

4   hearing before Judge Schneider, Judge Schneider stated: "I'm going to go ahead and accept [Judge

5   Folsom's] ruling on the case.  I find it – he said without prejudice.  I am now looking at the

6   reasoning that applied there and I feel that the Plaintiffs have had their bite at the apple.  I'll give

7   you a more specific ruling on this… in my memorandum." *Id.* at 18:21-19:1.

8   Judge Schneider never issued a separate memorandum addressing the class certification

9   issue.  However, in the "Background" section of the Transfer Order, Judge Schneider stated:

> "Plaintiff asked the Court to reopen class discovery and enter a new certification
> that would last through early 2013.  But Plaintiff's request for yet another bite at
> the apple—essentially restarting the case—is without merit. Furthermore,
> Plaintiff's proposed plan to reopen the certification issue likely would not correct
> the deficiencies previously identified by the Court. Accordingly, the Court
> instructed Plaintiff during the scheduling conference on June 7, 2012 that it
> would not entertain a renewed motion to certify the class."

Transfer Order at 1.

15   Google argues that Judge Schneider's statements regarding the class certification issue at

16   the June 7, 2011 hearing and in the Transfer Order establish the law of the case.  *See* Opposition at

17   at 9-12.  Plaintiff responds that Judge Schneider's comment in the Transfer Order was merely dicta

18   because it was not "necessary to the Court's determination to transfer venue."  Reply at 9.  Plaintiff

19   argues that Plaintiff "never filed a Motion for Leave to Amend or Renewed Motion for Class

20   Certification, the transferring Court never made any findings of fact or conclusions of law relating

21   to those unfiled Motions which were never briefed or heard." *Id.*  Accordingly, Plaintiff contends

22   that Judge Schneider's statements did not establish the law of the case with respect to whether

23   Plaintiff should be permitted leave to amend. *Id.*

24   The law of the case doctrine expresses the general rule that courts will not reopen issues

25   that have already been decided. *Russell v. Commissioner*, 678 F.2d 782, 785 (9th Cir. 1982).  The

26   doctrine applies equally when a case is transferred from one district to another, as decisions made

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

1  in a case "should continue to govern the same issues in subsequent stages of the same case."

2  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

3       While law of the case doctrine generally establishes a presumption against reopening issues

4  already decided, the "doctrine is not an inexorable command, nor is it a limit to a court's power."

5  *U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (internal quotations, alterations, and citations

6  omitted). "Rather application of the doctrine is discretionary." *Id.* (internal quoations, alterations,

7  and citations omitted). Law of the case doctrine should not be construed as "imping[ing] upon a

8  district court's power to reconsider its own interlocutory order[s] provided that the district court

9  has not been divested of jurisdiction over the order." *Id.* (quoting *United States v. Houser*, 804

10  F.2d 565, 567 (9th Cir. 1986)); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir.

11  2007) (holding that, under law of the case doctrine, "district courts generally remain free to

12  reconsider their earlier interlocutory orders"); *Smith*, 389 F.3d at 949 (stating that "[t]he law of the

13  case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an

14  order over which it has not been divested of jurisdiction" (*quoting City of Los Angeles v. Santa

15  Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001)); *cf* Fed. R. Civ. P. 54(b) ("[A]ny order or

16  other decision, however designated, that adjudicates fewer than all the claims or the rights and

17  liabilities of fewer than all the parties does not end the action as to any of the claims or parties and

18  may be revised at any time before the entry of a judgment adjudicating all the claims and all the

19  parties' rights and liabilities."). Law of the case doctrine also should not be construed as

20  prohibiting a "successor court [from]… reconsider[ing] the interlocutory orders of their

21  predecessor on the same case." *Rimbert v. Eli Lilly and Co.*, No. CIV 06-0874, 2009 WL 2208570,

22  at *4 (D.N.M. July 21, 2009) (citing *Been*, 495 F.3d at 1225); *see also Been*, 495 F.3d at 1225

23  (holding that law of the the case doctrine did not prohibit district court from reconsidering issue

24  decided by prior district court before reassignment where "[t]he second judge found persuasive

25  authority from other circuits" dictating a different result).

26       Furthermore, for law of the case doctrine to apply, "the issue in question must have been

27  decided explicitly or by necessary implication in the previous disposition." *Milgard Tempering v.

28  Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (internal citations and quotation marks

United States District Court
For the Northern District of California

13

omitted). "A significant corollary to the doctrine is that dicta have no preclusive effect." *Id.* When discussion of an issue is unnecessary to the court's decision, it is properly considered dicta and is not the law of the case. *See Russell*, 678 F.2d at 784-85. "[O]bservations, commentary, or mere dicta touching upon issues not formally before the Court do not constitute binding determinations." *Gertz v. Welch, Inc.*, 680 F.2d 527, 533 (7th Cir. 1982).

Here, the Court declines to follow Judge Schneider's decision for several reasons. First, it is not clear that Judge Schneider's statements at the June 7, 2012 hearing and in the Transfer Order regarding whether Plaintiff should be permitted another opportunity to move for class certification establish the law of the case. Significantly, Plaintiff never filed a motion for leave to amend or for leave to file a renewed Motion for Class Certification. Rather, in responding to an inquiry in the Joint Discovery/Case Management Plan regarding class certification issues, Plaintiff made a request, unsupported by citation to any legal authority, that he be allowed "to proceed in a manner to take additional discovery on limited class certification topics, designate additional experts, amend his Complaint, and re-file his motion for class certification…." ECF No. 173 at 10. This request was informal at best. Thus, it is not clear that the issue was "formally before the Court…." *Gertz*, 680 F.2d at 533. Indeed, Google argued at the hearing that Judge Schneider should decline to consider the class certification issues for this very reason. *See* Somvichian Decl., Ex. D at 8:12-9:1. Specifically, counsel for Google stated: "So we think today it is premature to talk about revisiting class certification. There has been no motion filed and it is an extraordinary thing to ask you to undo what Judge Folsom took a great deal of time and effort on and the parties did…. Before the Court unravels all that, it seems to me that there ought to be a motion filed that we can respond to that would give a reason why Your Honor should unravel what Judge Folsom did and revisit his order." *Id.*

Furthermore, after finding that Plaintiff should not be permitted to bring a new class certification, Judge Schneider stated that he would provide "a more specific ruling… in [his] memorandum." *Id.* at 18:25-19:1. However, Judge Schneider ultimately declined to issue a legal memorandum fully addressing whether Plaintiff should be granted leave to amend. Rather, Judge Schneider included a few sentences addressing the issue in the Background section of the Transfer

14

Order.  *See* Transfer Order at 1.  Significantly, Judge Schneider's ruling on the class certification issue was entirely unnecessary in resolving the issues relating to Google's Motion to Transfer. Judge Schneider's decision to place his discussion of the class certification issue in the Background section of a memorandum addressing an unrelated issue suggests Judge Schneider's statements were mere dicta and that Judge Schneider's intent, especially given that he was transferring the case to another district, was not to bind this Court.

Moreover, to the extent Judge Schneider's ruling was not dicta, the Court believes the circumstances in this case justify reconsideration of Judge Schneider's ruling.  *See Been*, 495 F.3d 1225 (holding that law of the case doctrine did not prohibit district court from reconsidering issue decided by prior district court before reassignment where "[t]he second judge found persuasive authority from other circuits" dictating a different result).  Several factors support this conclusion.

First, as set forth above, Judge Schneider rejected Plaintiff's request for leave to amend without allowing *any* formal briefing on the issue and ultimately placed his brief analysis of the subject in the Background section of a memorandum addressing Google's motion to transfer. While Judge Schneider was under no obligation to explain his rationale in denying leave to amend, given the lack of formal briefing and the dearth of analysis of the issue in the Transfer Order, this Court believes it would be imprudent to rely on Judge Schneider's conclusions.

Second, Judge Schneider's ruling implicitly rejects the law of the case as established by Judge Folsom.  Judge Folsom denied Plaintiff's Motion for Class Certification "without prejudice." Order Denying Class Certification at 1.  Moreover, Judge Folsom found in favor of Plaintiff on several key issues relating to class certification.  *See id.* at 9-10 (finding that Plaintiff had standing); *id.* at 10 (finding that the numerosity requirement was satisfied); *id.* at 10-14 (finding that Plaintiff's proposed class met the commonality requirement); *id.* at 14 (finding that Plaintiff's proposed class met the typicality requirement); *id.* at 14-16 (finding that Plaintiff and his counsel satisfied the adequacy requirement); *but see id.* at 7-9 (holding that Plaintiff's proposed class was not reasonably ascertainable); *id.* at 16-22 (holding that Plaintiff failed to provide a sufficient trial plan for the Court to evaluate the predominance and superiority requirements).  Given Judge Folsom's findings in favor of Plaintiff on several key issues and Judge Folsom's denial of

**United States District Court**
For the Northern District of California

15

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiff's motion "without prejudice," it appears that Judge Folsom contemplated that Plaintiff would be permitted an opportunity to amend his Complaint and to bring a new Motion for Class Certification.  Nevertheless, while acknowledging that Judge Folsom's denial was "without prejudice," Judge Schneider did not permit Plaintiff an opportunity to bring a motion for leave to amend or a new motion for class certification.  Instead, Judge Schneider concluded, based on a description of Plaintiff's proposed plan for amendment of the Complaint included in a Joint Discovery/Case Management Plan (a plan which the Court notes is different than the plan presented here[1]) and a brief oral argument, that "Plaintiffs… had [had] their bite at the apple."  Somvichian Decl., Ex. D at 18:24.  Judge Schneider's ruling conflicts with the spirit of Judge Folsom's Order Denying Class Certification without prejudice.

Finally, after being granted an opportunity to formally brief a Motion for Leave to Amend, Plaintiff has provided a strategy for amendment that, for reasons that will be set forth below, may very will cure the deficiencies identified by Judge Folsom.  Under the circumstances, the Court believes that Judge Schneider's position, to the extent it constitutes the law of the case, should be reconsidered.  *See Been*, 495 F.3d at 1225 (holding that law of the case doctrine did not prohibit district court from reconsidering issue decided by prior district court before reassignment where "[t]he second judge found persuasive authority from other circuits" dictating a different result).

As set forth above, the Court concludes that: (1) Judge Schneider's statements do not establish the law of the case, and (2) even if they did, under the present circumstances, reconsideration of Judge Schneider's decision is warranted.[2]  The Court therefore proceeds to consider the merits of Plaintiff's Motion for Leave to Amend.

---

[1] *See* ECF No. 173 at 10 (proposing a class consisting of "Texas residents"  who "sent [emails] to '@gmail.com' email addresses"); TAC ¶ 128 (proposing a class consisting of "[a]ll Cable One users with a Cable One Google Apps email account who sent email messages to a Gmail user or received email messages pursuant to the account").

[2] Google argues that Plaintiff's Motion for Leave to Amend should be rejected because Plaintiff has failed to satisfy the requirements for a motion for reconsideration under Local Rule 7-9(b).  *See* Opposition at 12-13 (arguing that Plaintiff failed to seek leave to file a motion for reconsideration, or to show that there is a "material difference in fact or law," "a manifest failure by the Court to consider material facts or dispositive legal arguments," etc…).  However, Google fails to cite any authority for the proposition that a party's failure to comply with Local Rule 7-9(b) bars the Court from reconsidering an interlocutory order where the Court has otherwise determined that, under the

16

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

**B.  Merits of the Motion for Leave to Amend**

In determining whether leave to amend should be granted, Courts commonly consider factors including: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment.  *Lockheed*, 194 F.3d at 986.  Google does not argue that Plaintiff's Motion for Leave to Amend has been filed in bad faith.  Rather, Google argues that: (1) Plaintiff unduly delayed in seeking leave to amend; (2) Google will be prejudiced if leave to amend is granted; and (3) Plaintiff's proposed amendments would be futile. *See* Opposition at 13-20.  The Court addresses each of these factors in turn.

**i.  Undue Delay**

Google contends that Plaintiff's Motion for Leave to Amend should be denied because Plaintiff has had access to the facts supporting Plaintiff's proposed amendments since before the September 15, 2011 deadline to amend the pleadings.  *See* Opposition at 14; ECF No. 90 (setting case schedule).

In evaluating whether there has been undue delay, the Court must consider "whether the moving party knew or should have known the facts and theories raised by the amendment" at an earlier time.  *Jackson*, 902 F.2d at 1388 (citing *E.E.O.C. v. Boeing Co.,* 843 F.2d 1213, 1222 (9th Cir. 1988), *cert. denied,* 488 U.S. 889 (1988)).  The fact that additional discovery may be needed to "fully flush[] out" a plaintiff's allegations will not excuse a plaintiff's failure to include the allegations in an earlier pleading where the additional discovery provides no new facts or theories. *See id.* ("Although appellants argue that the evidence of the Bank's representations, promises, and nondisclosures were not 'fully flushed out' until September or October of 1987, they cite no facts or theories gleaned from the additional discovery period to support this contention.").  When considering undue delay, the Court must keep in mind that "[u]ndue delay by itself… is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Here, Plaintiff seeks to amend Plaintiff's class definition to include "[a]ll Cable One users with a Cable One Google Apps email account who sent email messages to a Gmail user or received

circumstances, the order should be reconsidered.  Accordingly, for all the reasons above, the Court reconsiders Judge Schneider's statements to the extent they constitute anything more than dicta.

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

1    email messages pursuant to the account within two years before the filing of this action"

2    ("Amended Class").  TAC ¶ 128.  In the previous iteration of the Complaint (the SAC), Plaintiff

3    provided a class definition that included "[a]ll natural persons located within the United States who

4    sent emails from a non-@gmail.com account email address to an @gmail.com account email

5    address [or a Google-serviced @cableone.net account email address]… within two years before the

6    filing of this action up through and including the date of the judgment in this case" ("Original

7    Class").  SAC ¶ 209.

8         Google argues that Plaintiff has unduly delayed in seeking to assert the Amended Class

9    because Plaintiff has had the information necessary to support Plaintiff's proposed Amended Class

10   definition since Plaintiff filed the SAC on September 15, 2011.  Opposition at 14.  Google argues

11   that prior to September 15, 2011, Plaintiff had internal documents, deposition testimony, and

12   detailed expert report showing that emails received by Cable One users were being scanned by

13   Google, and that Plaintiff therefore could have asserted the Amended Class definition earlier.  *Id.*

14   Accordingly, Google contends that Plaintiff's request to amend is untimely.  *Id.*  The Court is not

15   persuaded that Plaintiff unduly delayed in asserting the Amended Class definition.

16        As an initial matter, the Court notes that Google has been less than forthcoming with

17   respect to documents relating to Google's scanning of Plaintiff's emails and emails received by

18   other Cable One users.  For example, Google initially refused to respond to Plaintiff's

19   interrogatories and document requests seeking information in Google's possession regarding

20   Plaintiff's email account, propounded in May 2011, well before the September 15, 2011 deadline

21   for filing Plaintiff's Motion for Class Certification.  *See* Rommel Decl., Ex. E-9 (Google stating, in

22   response to Plaintiff's efforts to meet and confer regarding Plaintiff's discovery requests, that

23   Google did "not believe the [FAC] supports requests for… information" Google "may have

24   [regarding] Mr. Dunbar, including incoming and outgoing e-mails related to

25   bdunbar@cableone.net").  Google did provide some documents responsive to these requests in

26   advance of the September 15, 2011 deadline, and made a more substantial production of responsive

27   documents after the deadline.  *See* Rommel Decl., Ex. F (document showing metadata extracted

28   from Plaintiff's email account); Opposition at 6 (stating that Google completed its production of

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

1   documents on October 8, 2011).  However, at the November 29, 2012 hearing on the Motion for

2   Leave to Amend, Plaintiff's counsel asserted that Google still has not fully complied with

3   Plaintiff's May 2011 discovery requests, including requests seeking information relevant to

4   Google's scanning of Plaintiff's and other Cable One user's email accounts.  Indeed, Plaintiff has

5   filed a sealed Motion to Compel asserting that, more than a year after Plaintiff's requests were

6   served, Google still has not produced all the documents responsive to several of the requests .  *See*

7   ECF Nos. 215, 216-1.

8           Nevertheless, Plaintiff does not dispute that he had some information regarding Google's

9   scanning of emails received by Cable One users before September 15, 2011.  *See* Reply at 10.

10  Indeed, Plaintiff acknowledges that, during a meet and confer on June 28, 2011, Plaintiff's counsel

11  was informed that emails Plaintiff received on his Cable One email account "were treated the same

12  as [emails received on] a Gmail account."  Motion for Leave to Amend at 3; *see also* Reply at 4

13  (stating that "by September 15, 2011, the deadline to amend pleadings relating to class

14  certification… Plaintiff possessed enough evidence to allege that Google treated Cable One Google

15  Apps accounts the same as Gmail accounts with respect to certain activities of acquisition of

16  content").  Furthermore, Plaintiff concedes that during the July 15, 2011 deposition of Thompson

17  Alexander Ivor Gawley, Google's senior product manager for the Gmail System, Mr. Gawley

18  stated "that certain pieces of Gmail infrastructure did perform scans and extract information from

19  emails received by Cable One Google Apps emails."  Reply at 4 (citing Rommel Declaration,

20  Exhibit O at 209:11-18, 23-24; 210:5-14; 175:1-7; 176:1-2; 177:17-178:10); *see also* Somvicihian

21  Decl., Ex. A (Gawley Deposition Transcript) at 85:4-86:13 (stating that, since Mr. Dunbar's Cable

22  One email account was first transitioned to being a Google-serviced Cable One email account,

23  Google has retained data extracted from scans of Mr. Dunbar's email); *id.* at 209:11-13, 211:19-

24  212:8 (stating that information extracted from Plaintiff's emails using Google's "Content Onebox"

25  infrastructure is included in the metadata associated with Plaintiff's account).

26          Notwithstanding his knowledge of the facts above, Plaintiff argues that his Motion for

27  Leave to Amend is not untimely because he made a "strategic decision" to assert an alternative

28  class definition in the SAC.  Reply at 5.  Specifically, Plaintiff argues that he elected to continue

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

**United States District Court**
For the Northern District of California

with the Original Class definition in the SAC in order to: (1) "allow[] for continuity with the prior class definitions," and (2) "avoid any issue of the forum selection clause contained in the terms of service." *Id*. As discussed at the November 29, 2012 hearing, Plaintiff believed that by alleging a class that included Gmail users and users of Google-serviced email accounts who *received* emails, Plaintiff would trigger the forum selection clause in Google's terms of service and the case would be transferred from Texas to California. Notably, the case was ultimately transferred in part because Judge Schneider found that by approximately "mid-summer 2011," Plaintiff had agreed to be bound by the Google Apps Terms of Service, including the forum selection clause. *See* Transfer Order at 6.

The Court agrees with Google that Plaintiff could have amended the Complaint to assert the Amended Class definition prior to September 15, 2011, and the Court frowns upon Plaintiff's venue manipulation. However, the Court also notes that Google's own strategic choices may have contributed to Plaintiff's delay in asserting the Amended Class definition. Significantly, Google knew Plaintiff was a Cable One user with a Google-serviced email account at least as early as May or June of 2011. *Cf* Tapley Decl., Ex. D at 9 (Google responding to Plaintiff's Interrogatory No. 5 seeking information relating to Plaintiff's "bdunbar@cableone.net" email account). Google therefore had the facts necessary to argue that Plaintiff was bound by the forum selection clause in the Google Apps Terms of Service at least as early as May or June of 2011, several months before Plaintiff filed his Motion for Class Certification. Google nevertheless chose not to file its Motion to Transfer until April 20, 2012, nearly a year later. *See* Motion to Transfer. Had Google filed its Motion to Transfer earlier, Google could have mooted Plaintiff's concern about including users who received emails scanned by Google in the earlier iterations of the Complaint. In any event, even ignoring the role of Google's own strategic decisions in causing the delay, the Court cannot conclude that Plaintiff's delay was undue because Judge Folsom gave Plaintiff leave to amend. *See* Order Denying Class Certification at 1 (denying Plaintiff's Motion for Class Certification "without prejudice").

The Court also notes that, since Judge Folsom denied class certification in March 2012, Plaintiff has been diligent in attempting to amend the pleadings and allege a new class definition.

20

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court
For the Northern District of California

1    In the Joint Discovery/Case Management Plan, filed on May 31, 2012, two months after Judge

2    Folsom's Order Denying Class Certification, Plaintiff requested that the Court allow him

3    permission to take additional discovery, amend his complaint, and ultimately file a new motion for

4    class certification.  ECF No. 173 at *10.  In June of 2012, Judge Schneider denied Plaintiff's

5    request to present a new class definition (without permitting any briefing on the issue) and ordered

6    that the matter be transferred from Texas to California.  *See* ECF No. 178 at 1-2, 11.  The case was

7    formally transferred on June 27, 2012.  ECF No. 179.  On August 3, 2012, pursuant to an order

8    from this Court (ECF No. 180), the parties filed a status report in which Plaintiff indicated that he

9    intended to amend his complaint and file a new motion for class certification.  *See* ECF No. 192 at

10   2-3.  Plaintiff stated that he would address the issue more fully in the Joint Case Management

11   Statement which was due on August 22, 2012.  *Id*.  Plaintiff did indeed provide more detail

12   regarding his desire to amend the Complaint in the parties' August 22, 2012 Joint Case

13   Management Statement.  *See* ECF No. 201 at 1-3, 7-8.  Finally, on August 28, 2012, one day

14   before the parties' first Case Management Conference before this Court, Plaintiff filed his Motion

15   for Leave to Amend.  The Court believes Plaintiff's conduct following the March 2012 hearing

16   indicates due diligence and a desire to avoid unnecessary delay.

17       In any event, even if the Court were to conclude that Plaintiff unduly delayed in seeking

18   leave to amend to assert the Amended Class definition, this would not be sufficient to deny

19   Plaintiff's Motion for Leave to Amend.  *See Bowles*, 198 F.3d at 758 ("Undue delay by itself… is

20   insufficient to justify denying a motion to amend.").  Accordingly, the Court proceeds to consider

21   whether Google would be prejudice if the Court were to grant Plaintiff's motion and whether the

22   proposed amendments would be futile.

23                          **ii.  Prejudice**

24       Google argues that Plaintiff should be denied leave to amend because "the timing of the

25   proposed amendment would prejudice… [Google] by delaying and disrupting the course of the

26   proceedings."  *Id*.  Google cites several cases in support of this contention.  *Id*. 15-16 (citing

27   *Lockheed*, 194 F.3d at 986; *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir

28   1998); *Jackson*, 902 F.2d at 1388; *Roberts v. JP Morgan Chase Bank, N.A.*, 09-CV-01855-LHK,

                                                     21

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court
For the Northern District of California

2011 WL 4479455, at *6 (N.D. Cal. Sept. 26, 2011); *Burleigh v. Country of Monterey*, No. C-07-02332 RMW, 2008 WL 3487255, at *3 (N.D. Cal Aug. 11, 2008); *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 595 F. Supp. 326, 331-32 (N.D. Cal. 1983) *aff'd,* 781 F.2d 1393 (9th Cir. 1986)).  As discussed below, the cases upon which Google relies are inapposite.

For example, in *Lockheed*, plaintiff Lockheed Martin Corp. ("Lockheed") brought suit against Defendant Network Solutions, Inc. ("NSI") alleging that NSI had failed to cancel several domain-names that were registered by third parties and infringed or diluted Lockheed's "Skunk Works" service mark.  *Lockheed*, 194 F.3d at 983.  After the deadline to amend pleadings had passed and after NSI had filed its motion for summary judgment, Lockheed moved to amend its complaint to add a cause of action for contributory dilution and to allege several additional domain-name combinations registered with NSI.  *Id.*  The district court denied Lockheed's motion. *Id.*

The Ninth Circuit affirmed the district court in *Lockheed*.  On appeal, the Ninth Circuit held that: (1) the facts supporting the amendment were known to Lockheed before the deadline to amend the complaint, and (2) Lockheed had failed to explain its failure to amend earlier.  *Id.* at *986.  Thus, the undue delay factor was met.  *Id.*  Furthermore, with respect to prejudice, the Ninth Circuit held that the district court did not err in finding prejudice because allowing the amendment would have required the district court to reopen discovery as no discovery had been taken with respect to the new domain-name registrants.  *Id.*  The Ninth Circuit held that "[a] need to reopen discovery and therefore delay the proceedings supports a… finding of prejudice…."  *Id*.  The Ninth Circuit also noted that the district court had suggested that Lockheed's decision to amend after the filing of a dispositive motion might show that the bad faith factor was present.  *See Lockheed*, 194 F.3d at 986 ("Facing a summary judgment motion, Lockheed sought to amend its complaint to add causes of action on which discovery had not been undertaken. The district court noted that this might reflect bad-faith on the part of Lockheed.").  Moreover, as to Lockheed's proposed amendment to add a claim for contributory dilution, the Court held that the proposed amendment would likely be futile as NSI did not exercise the "kind of direct control and monitoring" over

22

1    domain-names necessary to show that it was contributorily liable for the third-party's purported

2    dilution of Lockheed's trademarks.  *Id.*

3          Here, while the class discovery deadline has passed (*see* ECF No. 90 (providing that the

4    deadline to complete discovery on class certification was October 25, 2011)), the merits discovery

5    deadline has not passed.  Indeed, on August 29, 2012, this Court ordered that merits discovery

6    could proceed, and pursuant to the parties' request, the Court did not set a deadline for merits

7    discovery because Plaintiff's Motion for Leave to Amend was pending.  ECF No. 207 (ordering

8    that "[d]iscovery may proceed as to Plaintiff's individual claims as set forth in the Second

9    Amended Class Action Complaint").  Thus, allowing Plaintiff to amend the Complaint would not

10   require a wholesale "reopen[ing] [of] discovery" after discovery has been closed.  *Lockheed*, 194

11   F.3d at 986.  The need to reopen discovery was the critical factor in establishing prejudice in

12   *Lockheed.  See id.* ("A need to reopen discovery and therefore delay the proceedings supports a

13   district court's finding of prejudice….").  The absence of this factor distinguishes this case from

14   *Lockheed.*  Moreover, as set forth at the November 29, 2012 hearing on Plaintiff's Motion for

15   Leave to Amend, the Court will not reopen class certification discovery.

16         The remaining cases cited by Google are distinguishable for the same reason.  In each case,

17   the Court's finding of prejudice was premised in part upon the need to reopen discovery.  *See e.g.*

18   *Solomon*, 151 F.3d at 1139 (affirming denial of leave to amend on the ground of undue delay and

19   prejudice because plaintiff's motion was filed "on the eve of the discovery deadline [and]…

20   [a]llowing the motion would have required re-opening discovery"); *Jackson*, 902 F.2d at 1387

21   (finding that defendants would be unduly prejudiced if plaintiffs could amend their complaint to

22   assert new theories of liability that required proof of different facts approximately one year after

23   discovery closed); *Burleigh*, 2008 WL 3487255 at *3 (holding that granting leave to amend would

24   "significantly prejudice" defendant where plaintiff sought leave "well after the close of discovery

25   and after dispositive motions ha[d] been filed"); *Acri*, 595 F. Supp. at 331-32 (denying motion to

26   amend on undue delay and prejudice grounds where motion was filed "two years after the filing of

27   the complaint, two months after the close of discovery, and almost four years after the case was

28   originally filed in August 1980" and "the addition of a cause of action under LMRDA would

23

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

necessitate further discovery"). Here, as set forth above, while the class certification discovery deadline has passed, merits discovery has not yet closed. Moreover, the Court will not reopen class certification discovery.

Google argues that, "regardless of whether an amendment might prolong discovery, the need to engage in duplicative motion practice itself constitutes burden sufficient to deny an amendment." Opposition at 16. Google relies on this Court's decision in *Roberts* in support of its argument. *See id.* (citing *Roberts*, 2011 WL 4479455 at *6).

The Court is not persuaded. Google's reliance on *Roberts* is misplaced. In *Roberts*, defendant, in addition to moving to dismiss certain claims, moved to strike claims in plaintiff's second amended complaint that had not been included in Plaintiff's initial complaint. *Roberts*, 2011 WL 4479455 at *2. Plaintiff had not sought leave of the Court or defendant prior to adding the new causes of action. *Id.* Indeed, Plaintiff only sought leave after defendant filed its motions to dismiss and to strike portions of the second amended complaint. *Id.* Notably, plaintiff had previously been warned that she was not permitted to "add new claims or parties without seeking the opposing party's consent or leave of the Court pursuant to Federal Rule of Civil Procedure 15." *Id.* at *6. This warning was issued as a result of plaintiff's decision to file a first amended complaint without leave of Court or defendant, three days before the defendant's motion to dismiss Plaintiff's original complaint was set for hearing. *Id.* The Court had previously stricken plaintiff's late-filed first amended complaint and dismissed plaintiff's original complaint for failure to state a claim. *Id.*

In granting defendant's motion to strike the newly added claims, and denying plaintiff's motion for leave to amend, this Court rejected in *Roberts* plaintiff's argument that "because discovery has not started, [d]efendant would not be prejudiced by granting" plaintiff leave to amend. *Id.* The Court noted that "[d]efendant ha[d] [already] had to file two motions to dismiss in th[e] case…." *Id.* The Court reasoned that "[a]llowing additional new claims at this point, under a new theory of liability, would certainly burden the Defendant." *Id.* The Court further noted that, plaintiff, who was proceeding pro se, "ha[d] repeatedly failed to cure the deficiencies contained in the complaints presented thus far." *Id.* at *7. Indeed, in two and a half years of litigation, Plaintiff

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    had failed to satisfactorily plead her claims; thus, allowing further amendment would likely be

2    futile.  *Id.*  Moreover, "it appear[ed] that [p]laintiff ha[d] been living in the subject property

3    without making any mortgage payments since at least 2008…."  *Id.*  "Thus allowance of another

4    amendment would unduly prejudice Defendant."  *Id.*

5           Here, unlike the plaintiff in *Roberts* who had made repeated unsuccessful attempts to plead

6    a valid claim (*id.* at *6-7), Plaintiff has filed only one Motion for Class Certification and, while

7    Judge Folsom denied class certification, his order favored Plaintiff in several key respects.  *See*

8    *supra* Section III(A).  Moreover, unlike the plaintiff in *Roberts*, who failed to seek leave of court

9    before filing her second amended complaint, Plaintiff has sought leave of court prior to filing his

10   TAC.  *See Roberts*, 2011 WL 4479455 at *6.  Furthermore, as will be discussed *infra* Section

11   III(B)(iii), the Court is not convinced that allowing Plaintiff to amend his Complaint would be

12   futile.  *See Roberts*, 2011 WL 4479455 at *7 (noting that allowing further amendment would likely

13   be futile).  Accordingly, Plaintiff's reliance on *Roberts* is misplaced. [3]

14          Google also argues that, if Plaintiff is permitted to amend his class definition, Google will

15   be prejudiced because significant additional discovery will be required.  Opposition at 16-17.

16   Google notes that, in the Joint Discovery/Case Management Plan submitted in Texas, Plaintiff

17   indicated that Plaintiff would need to take additional discovery in support of Plaintiff's renewed

18   Motion for Class Certification.  *Id.* (citing ECF No. 173 at *11).  Google contends that the

19   additional discovery required would be "both extensive and burdensome."  Opposition at 16.  As

20   discussed above, this Court will not reopen class discovery.  Thus, Google's argument is moot.

21          For the reasons set forth above, the Court finds that Google would not be unfairly

22   prejudiced if the Court grants Plaintiff leave to amend.

23                     **iii.   Futility**

24          Google also argues that the proposed third amended complaint ("TAC") fails to cure the

25   defects that led Judge Folsom to deny class certification.  Opposition at 17-20.  Accordingly,

26

27   ───────────────
     [3] To the extent Google cites *Solomon*, *Jackson*, and *Acri* for the proposition that Google would be
     prejudiced "regardless of whether an amendment might prolong discovery," (*see* Opposition at 16
28   n. 26), these cases are distinguishable for the reasons set forth *supra*.

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

1    Google contends that Plaintiff's proposed amendments are futile and Plaintiff's Motion for Leave

2    to Amend should be denied.  *Id.*

3        "A motion for leave to amend may be denied if it appears to be futile or legally

4    insufficient."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 215 (9th Cir. 1988).  A proposed

5    amendment is futile "if no set of facts can be proved under the amendment to the pleadings that

6    would constitute a valid and sufficient claim or defense."  *Id.*

7        Here, Judge Folsom denied Plaintiff's motion to certify the Original Class because Plaintiff

8    failed to show that the ascertainability, superiority, and predominance requirements were met. *See*

9    Order Denying Class Certification at 7-9, 16-22.  While the Court declines to formally resolve

10   whether Plaintiff's Amended Class definition cures the deficiencies identified by Judge Folsom,

11   the Court concludes that the amendments would not necessarily be futile.  Accordingly, in light of

12   Rule 15(a)'s prescription that courts should "freely give leave when justice so requires," the Court

13   thinks it prudent to allow Plaintiff leave to amend so that his Amended Class definition may be

14   fully tested in the context of a Motion for Class Certification.

15       First, with respect to ascertainability, Judge Folsom found that the class was not

16   ascertainable because Plaintiff excluded those who "seek" actual damages rather than those who

17   have "suffered" or "incurred" actual damages.  *Id.* at 9.  Thus, under the Original Class definition,

18   "prospective class members [could] wait for a ruling on the merits before deciding whether to

19   exclude themselves by alleging that they seek actual damages and profits."  *Id.*

20       In the TAC, Plaintiff eliminates the language in the paragraph setting forth the class

21   definition excluding individuals who seek actual damages.  Thus, membership in the Amended

22   Class is no longer dependent on whether an individual seeks actual damages, which as Judge

23   Folsom noted is a condition that could change at any point during the pendency of the action.

24   Rather than define the class by whether an individual seeks actual damages, Plaintiff provides in a

25   paragraph, separate from the class definition, that "[u]pon Court-approved notice, any Class

26   Member who desires to seek actual damages… may opt-out OR remain in the Class and be bound

27   by the remedies and results sought herein."  TAC ¶ 137.  Thus, it appears that, under the TAC, an

28   individual seeking actual damages may opt-out of the class during the opt-out period following the

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    distribution of class notice. However, once that period has passed, the individual is bound as a

2    member of the class regardless of whether he may subjectively decide he would prefer actual

3    damages. Thus, Plaintiff's amendment to the class definition appears to address Judge Folsom's

4    concern.

5         Plaintiff's Amended Class definition also appears to address Judge Folsom's concern that

6    Plaintiff's Original Class definition (which included any non-@gmail.com user sending an email to

7    an @gmail.com or @cableone.net account) would inadvertently encompass the approximately "40

8    million Google Apps customers who, while technically Gmail users, have a non-@gmail.com

9    email address." *Id.* at 8; *id.* at 9 (holding that "Plaintiff [did] not address[] how its class definition

10   resolves the problem that Google Apps users use Gmail but have a non-@gmail.com address").

11   The Amended Class is defined to include "Cable One users with a Cable One Google Apps email

12   account…." TAC ¶ 128. Thus, unlike the Original Class definition, the Amended Class definition

13   does not depend on distinguishing Gmail users from non-Gmail users. Judge Folsom's concern

14   that the class definition would inadvertently include Gmail/Google-Apps users with non-@gmail

15   addresses is therefore moot.

16        Plaintiff's amendments also appear to address Judge Folsom's comments regarding

17   predominance. Judge Folsom had concerns that individualized issues of consent would

18   predominate in this case. Order Denying Class Certification at 21-22. For example, as argued by

19   Google in its opposition to Plaintiff's Motion for Class Certification, even if the Court were to find

20   that users did not explicitly consent to Google's scanning of emails by accepting Google's Terms

21   of Service and privacy policies, individual users or senders may still have implicitly consented to

22   the scanning. *Id.* at 21 (citing ECF No. 119 at 18). Whether an individual user or sender implicitly

23   consented requires inquiries into "the knowledge, circumstances, and actions of each" sender or

24   recipient. *Id.* at 21 (citing ECF No. 119 at 18). After reviewing these issues, Judge Folsom held

25   that Plaintiff's trial plan, which consisted of marked-up and highlighted court documents from

26   other cases, did not provide sufficient information for the Court to conclude that individual issues

27   would not predominate. *Id.* at 22. Google argues that Judge Folsom's concerns regarding the

28

27

predominance of individualized issues of consent are not resolved by the TAC or the Amended

Class definition contained therein.  Opposition at 18-19.

The Court agrees that the potential for individualized issues of consent may present a

barrier to class certification.  As Google notes, courts have "den[ied] certification where, as here,

questions of consent depend on individualized evidence."  Opposition at 18; *see e.g. Lewallen v.*

*Medtronic USA, Inc.*, C 01-20395 RMW, 2002 WL 31300899, at *4 (N.D. Cal. Aug. 28, 2002)

(finding that predominance requirement was not met in part because "various affirmative defenses

require individualized proof, including… consent").

Nevertheless, the Court does not have sufficient evidence at this stage to conclude that the

individualized consent issues Google has identified, specifically the implicit consent issues, will

affect a significant proportion of the class such that the predominance requirement will not be met.

Plaintiff contends that whether Cable One users consented to the scanning will turn on an

examination of Google's terms of service and disclosures to those users.  Motion for Leave to

Amend at 19.  At the November 29, 2012 hearing, Google contended that, even if the terms of

service and disclosures provided to Cable One users did not inform individual Cable One users that

Google was scanning their emails, individual users may have acquired this information in other

ways, such as from press coverage.  *See* Transcript of November 29, 2012 Hearing at 45:19-24

(Google arguing that users could have learned the details of Google's scanning of users' emails

from a variety of sources including Google's terms of service, tutorials, disclosures, press coverage

of the issue, and users' "own personal practices with respect to e-mail").  All the sealing of

documents in this case in Texas as well as the attempts to seal documents before this Court

undermine Google's claim that Google's disclosures to users or the press coverage reveal the full

scope of Google's scanning of user's emails.  On this record, the Court cannot conclude that the

individualized questions of consent that Google raises would predominate such that granting leave

to amend would be futile.

Furthermore, the Court notes that Judge Folsom's holding on predominance was based on

Plaintiff's failure to include sufficient information in Plaintiff's trial plan to enable the Court to

reach a conclusion as to whether individual issues such as consent would predominate.  Order

Case No.: 12-CV-03305-LHK

ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court

For the Northern District of California

Denying Class Certification at 22.  Judge Folsom's denial of class certification without prejudice, reflects Judge Folsom's belief that Plaintiff might be able to provide further information that would show that the individualized consent issues Google has raised would not predominate.  This Court believes that it would be prudent to permit the parties to present evidence regarding the consent issue and have such evidence tested in the context of a renewed Motion for Class Certification.

Judge Folsom also found that Plaintiff had failed to show that a class action would be superior to individual actions.  Judge Folsom identified two issues relating to superiority.  First, Judge Folsom stated that there would be significant potential privacy issues involved in identifying the potential members of the Original Class.  *Id.*  Specifically, Judge Folsom stated that, because the Original Class included any United States citizen who sent an email from a non-@gmail.com email account to an @gmail.com or @cableone.net email account, identifying the potential class members would require reviewing the "email header logs (and possibly the email content itself) for millions of Gmail users."  *Id.* at 18.  "[P]resumably many Gmail users would have privacy concerns about such an effort to catalog their correspondence."  *Id.*

Although the Court will not decide this issue at this stage, the Amended Class definition appears to eliminate Judge Folsom's privacy concerns.  The Amended Class includes "Cable One users with a Cable One Google Apps email account…."  TAC ¶ 128.  Identifying the Amended Class members can likely be accomplished through a review of account information from Cable One.  Thus, unlike the Original Class, identifying Amended Class members will not require an invasion of thousands of Gmail user's privacy.  The privacy concerns associated with identifying the Original Class members therefore appear not to be an issue with respect to the Amended Class.

In addition to the aforementioned privacy issues, Judge Folsom held that Plaintiff had failed to show the superiority requirement was met because Plaintiff's Trial Plan did not provide the "detailed analysis of the 'administration of the trial'" necessary for the Court "to evaluate the superiority requirement…."  Order Denying Class Certification at 20.  The Court believes Plaintiff should be permitted an opportunity to provide a more detailed explanation for his plan for the administration of the trial in the amended Motion for Class Certification.  Google has not shown

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT

United States District Court
For the Northern District of California

that Plaintiff could not present an adequate plan for administering the class action.  Thus, the Court

declines to find futility on this ground.[4]

   For the reasons set forth above, the Court finds that Plaintiff's proposed amendments would

not necessarily be futile.  The Court emphasizes that its statements above are *not* meant to be

conclusive with respect to whether Plaintiff's Amended Class definition satisfies the

ascertainability, predominance, superiority, or any class certification requirements.  The Court has

merely concluded that Plaintiff's proposed amendments are not *necessarily* futile such that leave to

amend should be denied.  Accordingly, in light of Rule 15(a)'s instruction that the Court should

"freely give leave when justice so requires," the Court believes it prudent to grant Plaintiff leave to

amend and to allow Plaintiff to file a new motion for class certification.

### IV. CONCLUSION

   For the reasons set forth above, Plaintiff's motion for leave to file his Third Amended

Complaint is GRANTED.  Plaintiff shall file his Third Amended Complaint by December 14,

2012.  Plaintiff shall file his Second Motion for Class Certification by January 28, 2013.  Plaintiff's

Motion for Class Certification shall be heard on April 18, 2013 at 1:30 p.m.

**IT IS SO ORDERED.**


Dated:  December 12, 2012                          *Lucy H. Koh*
                                                   _____
                                                   LUCY H. KOH
                                                   United States District Judge

---

[4] The Court additionally notes that no formal trial plan is required by Rule 23.  *See Sullivan v. Kelly Services, Inc.*, 268 F.R.D. 356, 365 (N.D. Cal. 2010) (Nothing in Rule 23 requires Plaintiff to submit a formal trial plan along with her motion for class certification.").  Nevertheless, Plaintiff should address any concerns regarding the administration of this class action in Plaintiff's second Motion for Class Certification.

Case No.: 12-CV-03305-LHK
ORDER GRANTING LEAVE TO FILE A THIRD AMENDED CLASS ACTION COMPLAINT