UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH DUNBAR, individually and on Behalf of those similarly situated,<br><br>                  Plaintiff,<br><br>   v.<br><br>GOOGLE, INC.,<br><br>                  Defendant. | Case No.: 5:12-cv-003305-LHK<br><br>ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL |

On August 28, 2012, Plaintiff Keith Dunbar ("Plaintiff") filed his Motion for Leave to File His Third Amended Class Action Complaint ("Motion for Leave to Amend"). ECF No. 205. In connection with Plaintiff's Motion for Leave to Amend, Plaintiff filed an Administrative Motion to Conditionally File Under Seal Portions of Plaintiff's Motion for Leave to Amend. ECF No. 204 ("Motion to Seal the Motion for Leave to Amend"). Defendant Google, Inc. ("Google") filed a response in support of Plaintiff's Motion to Seal the Motion for Leave to Amend on September 4, 2012. ECF No. 208 ("Response to Motion to Seal the Motion for Leave to Amend").

On July 18, 2012, Google filed its Opposition to Plaintiff's Motion for Leave to Amend ("Opposition"). In connection with Google's Opposition, Google filed an Administrative Motion to File Under Seal Portions of Google, Inc.'s Opposition and the Declaration of Whitty Somvicihian. ECF No. 210 ("Google's Motion to Seal").

1

Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

Finally, on October 2, 2012, Plaintiff filed his Reply in Support of his Motion for Leave to Amend. In connection with the Reply, Plaintiff filed an Administrative Motion to Conditionally File Under Seal Portions of Plaintiff's Reply. ECF No. 213 ("Plaintiff's Motion to Seal the Reply"). On October 9, 2012, Google filed a response in support of Plaintiff's Motion to Seal the Reply. ECF No. 214 ("Response to Motion to Seal the Reply").

In the instant Order, the Court addresses the parties' administrative motions to seal. For the reasons stated below, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Seal the Motion for Leave to Amend. The Court DENIES Google's Motion to Seal its Opposition. The Court also DENIES Plaintiff's Motion to Seal the Reply.

**I.      LEGAL STANDARD**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178-79. Because the public's interest in non-dispositive motions is relatively low, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions, because such motions "'are often unrelated, or only tangentially related, to the underlying cause of action'" (citing *Kamakana*, 447 F.3d at 1179)).

Conversely, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)). Thus, a party seeking to seal a judicial record attached to a dispositive motion or presented at trial must

2

Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

1   articulate "compelling reasons" in favor of sealing. *See id.* at 1178. "In general, 'compelling

2   reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such

3   as the use of records to . . . release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The

4   Ninth Circuit has adopted the Restatement's definition of "trade secret" for purposes of sealing,

5   holding that "[a] 'trade secret may consist of any formula, pattern, device or compilation of

6   information which is used in one's business, and which gives him an opportunity to obtain an

7   advantage over competitors who do not know or use it." *In re Electronic Arts*, 298 Fed. App'x

8   568, 569-70 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt. b). Additionally,

9   "compelling reasons" may exist if sealing is required to prevent judicial documents from being

10  used "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* at

11  569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598).

12  Here, the parties seek to seal portions of the Plaintiff's Motion for Leave to Amend,

13  Google's Opposition thereto, and various declarations and exhibits offered in support of those

14  documents. Plaintiff's Motion for Leave to Amend is a non-dispositive motion. Therefore, the

15  parties need only demonstrate "good cause" in order to support their requests to seal. *Pintos*, 605

16  F.3d at 678 (applying "good cause" standard to all non-dispositive motions).

17  **II.     DISCUSSION**

18      **1.   Plaintiff's Motion to Seal the Motion for Leave to Amend**

19  In Plaintiff's Motion to Seal the Motion for Leave to Amend, Plaintiff seeks to seal: (1)

20  portions of Plaintiff's Motion for Leave to Amend[1], (2) portions of Plaintiff's Proposed Third

21  Amended Complaint ("TAC")[2], which is attached as Exhibit A to the Declaration of F. Jerome

22  Tapley in Support of Plaintiff's Motion for Leave to Amend ("Tapley Declaration" or "Tapley

23  Decl."), and (3) Exhibits D, E, F, G, and I to the Tapley Declaration. *See* Motion to Seal the

24  Motion for Leave to Amend at 2. Plaintiffs seek to seal this information on the grounds that

---

[1] Specifically, Plaintiff seeks to seal the following pages: 4:1-9, 5:6-12, 5:15-22, 7:4-5, 7:8-22, 7:24-26, 8:2-3, 8:5-9, 8:11-12, 8:14-15, 8:17-19, 8:21-22, 9:7-11, 9:13-26, 10:20-22, 10:24-26, 11:3-7, 11:10-13, 11:23, 13:24-25, 14:3-6, 14:27-28, 17:6-7, 17:10-11, 19:1-2, and 19:7.
[2] Specifically, Plaintiff seeks to seal the following pages: 6:14-15, 7:4-5, 12:21-23, 13:8-10, and 23:16-17.

3

Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

1  Google has designated the information "Confidential" or "Confidential Attorneys' Eyes Only"

2  pursuant to the parties' stipulated Protective Order in this case. *See id.*

3        In Google's response in support of Plaintiff's Motion to Seal the Motion for Leave to

4  Amend, Google requests that a subset of the items identified by Plaintiff be sealed. *See* Response

5  to Motion to Seal the Motion for Leave to Amend at 2. Google also requests that the Court seal

6  several lines of Plaintiff's Motion for Leave to Amend and TAC not identified in Plaintiff's motion

7  to seal. *See id.* The items Google seeks to seal include the following:

8        1. Motion for Leave to Amend pages 5:6-12, 5:15-22, 10:15-17, 10:20-22, 10:24-26, 11:3-

9            7, 11:10-13, 11:23, 14:3-6, 14:21-22, 14:27-28, and 17:10-11;

10        2. TAC pages 6:14-15, 6:18-19, 7:4-5, 7:24-27, 8:4-5, 9:5-6, 12:21-23, and 13:8-10; and

11        3. Exhibits F, G, and I to the Tapley Declaration

12  *See* Declaration of Deepak Jindal in Support of Google's Response to Motion to Seal the Motion

13  for Leave to Amend, ECF No. 209 ("Jindal Declaration" or "Jindal Decl.") ¶¶ 4-5.

14        Because Google does not seek to seal: (1) Motion for Leave to Amend pages 4:1-9, 7:4-5,

15  7:8-22, 7:24-26, 8:2-3, 8:5-9, 8:11-12, 8:14-15, 8:17-19, 8:21-22, 9:7-11, 9:13-26, 13:24-25, 17:6-

16  7, 19:1-2, or 19:7; (2) TAC page 23:16-17; or (3) Exhibits D or E, Plaintiff's request to seal these

17  items is DENIED with prejudice. The Court proceeds to those items Google does seek to seal.

18        Google contends that there is good cause to seal those portions of the Motion for Leave to

19  Amend identified above because the relevant pages include information that "describes how

20  Google scans for, uses, and stores data in connection with its Gmail system, including for the

21  delivery of personalized advertising." Jindal Decl. ¶ 4. Google contends that "[t]hese methods are

22  proprietary procedures that Google designed and implemented at substantial cost for its own

23  business purposes…." *Id.* Google further contends that "[t]he information reflected in the Motion

24  reveals confidential information on [*inter alia*]: (i) the types of data that Google scans for in

25  connection with emails sent to and from the Gmail system, (ii) the data scanned for specifically in

26  connection with the emails of Cable One users, [and] (iii) when the processes related to

27  personalized advertisements allegedly occur in relation to other steps in the email delivery

28  process…." *Id.* Google states that it guards against disclosure of this "confidential and

4

Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

1   proprietary… information through a number of means, including requiring Google employees to

2   sign nondisclosure agreements as part of their employment." *Id.*

3         Google contends that disclosing this information would allow Google's competitors to

4   "examin[e] the mechanisms that Google designed for its own proprietary use," thereby providing

5   Google's competitors with "an unfair advantage in designing their own systems…." *Id.* Google

6   also states that disclosure of the information could give "hackers and spammers insight into how

7   the Gmail system works." *Id.* Accordingly, Google contends that there is good cause to seal the

8   portions of the Motion for Leave to Amend identified above. *See* Response to Motion to Seal the

9   Motion for Leave to Amend at 1-2.

10        The Court is not persuaded. The Ninth Circuit has explained that the "good cause"

11  standard, while not as stringent as the "compelling reasons" standard, still requires a

12  "particularized showing" that can "warrant preserving the secrecy of sealed discovery material

13  attached to non-dispositive motions." *Kamakana,* 447 F.3d at 1180. Here, Google has not made

14  the required particularized showing with respect to each of the pages it has designated for sealing.

15        For example, Google seeks to seal page 5, lines 6-13, which discusses Google's scanning of

16  emails received by Plaintiff on his Cable One email account. Motion for Leave to Amend at 5.

17  The relevant paragraph states that Google scans Plaintiff's email to acquire meaning and content

18  (notwithstanding the fact that Plaintiff does not receive advertising from Google). *Id.* Google has

19  failed to explain how disclosure of the mere fact that Google scans Cable One accounts for

20  meaning and content will provide Google's competitors with insight into Google's "mechanisms"

21  for scanning email such that those competitors will have "an unfair advantage in designing their

22  own systems." Jindal Decl. ¶ 4. Google also does not explain how "hackers and spammers" will

23  be able to use this information to circumvent Google's virus and spam prevention procedures. *Id.*

24  Indeed, the Court notes that, at the November 29, 2012 hearing on Plaintiff's Motion for Leave to

25  Amend, Google indicated that it is well known that Cable One users' emails are scanned and that

26  those users consent to such scanning. *See* Transcript of November 29, 2012 Hearing at 45:19-24

27  (Google arguing that users could have learned the details of Google's scanning of users' emails

28  from a variety of sources including Google's terms of service, tutorials, disclosures, press coverage

5
Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

1    of the issue, and "their own personal practices with respect to e-mail"); *id.* at 49:21-23 (Google

2    arguing that "there is explicit consent by virtue of agreeing to the terms, and there's implied

3    consent from the overall factors"). Google fails to explain what undisclosed information is

4    contained on page 5 in lines 6-13.

5        Google's designation of page 5 lines 15-22 fails for similar reasons. This portion of the

6    Motion for Leave to Amend contains information concerning: (1) the point in the email data flow

7    at which Google scans Cable One users' messages to acquire meaning and content, and (2)

8    Google's use of the data it acquires. *See* Motion for Leave to Amend at 5. The Court notes that

9    Plaintiff's description of the timing of Google's scanning activities is fairly general and uses

10   phrases such as "front-end" and "back-end." *Id.* Google fails to explain how knowledge of this

11   information will provide either an unfair advantage to competitors or dangerous information

12   regarding Google's processes to hackers and spammers. Accordingly, Google's request to seal this

13   portion of the Motion for Leave to Amend is denied without prejudice.

14       Google's other sealing requests with respect to the Motion for Leave to Amend fail for

15   similar reasons. The relevant pages provide information regarding certain aspects of Google's

16   process for scanning emails, including the point at which certain scans occur, the nature of the

17   information gathered, and how Google uses that information. *See* Motion for Leave to Amend at

18   10:15-17, 10:20-22, 10:24-26, 11:3-7, 11:10-13, 11:23, 14:3-6, 14:21-22, 14:27-28. Additionally,

19   page 17:10-11 states the number of Cable One customers whose email accounts are serviced by

20   Google. *See id*. at 17:10-11. Google fails to explain how disclosure of this information would

21   provide an unfair advantage to competitors or enable hackers and spammers to carry out attacks on

22   Google's customers. Google has failed to provide sufficient information for the Court to conclude

23   that there is good cause to seal the aforementioned pages of the Motion for Leave to Amend.

24   Accordingly, Google's motion to seal is denied without prejudice as to the Motion for Leave to

25   Amend.

26       Google's request to seal portions of the TAC also fails. As set forth above, Google seeks to

27   seal pages 6:14-15, 6:18-19, 7:4-5, 7:24-27, 8:4-5, 9:5-6, 12:21-23, and 13:8-10 of the TAC. For

28   the most part, the relevant portions of the TAC describe: (1) when certain scanning processes

1 occur, and (2) Google's use and retention of the information acquired from its scanning. Google

2 contends that disclosure of this information would "cause Google competitive harm" for the

3 reasons set forth in connection with Google's request to seal portions of the Motion for Leave to

4 Amend. *See* Jindal Decl. ¶ 6. However, as discussed above, Google has failed to explain how

5 disclosure of the sealed information would provide its competitors with an "unfair advantage." *Id*.

6 ¶ 4. Accordingly, Google's requests with respect to the TAC are denied without prejudice.

7 Google also seeks to seal Exhibits F, G, and I to the Tapley Declaration. *See* Jindal Decl.

8 ¶¶ 7-9. Exhibit F to the Tapley Declaration is an example of data that Google acquired by scanning

9 messages in Plaintiff's inbox. This data is in the form of text in what appears to be a computer

10 language. Google contends that Exhibit F "shows the specific type of data that Google scans for

11 and uses in connection with the proprietary processes described above and further shows how

12 Google stores that information." *Id.* ¶ 7. Google further states that: (1) this "information is

13 generated based on Google's internal proprietary processes"; (2) the information "is highly

14 detailed"; and (3) the information "is not publicly available." *Id.* Google states that access to this

15 information "would provide Google's competitors with substantial insight into Google's internal

16 operations." *Id*.

17 The Court is not persuaded that this information should be sealed. While the information

18 does appear to be technical in nature, Google has not articulated how a competitor would use this

19 information to obtain an unfair advantage, or how this information could be used by a hacker or

20 spammer to take advantage of a vulnerability in Google's system. Accordingly, Google's request

21 is denied without prejudice with respect to Exhibit F.

22 Exhibit G to the Tapley Declaration is a flow chart describing the sequence of Google's

23 processes relating to the scanning of incoming emails. Google contends that the chart provides

24 "details [regarding] Google's processes related to identifying 'spam' email, protecting users from

25 viruses, and scanning for data for use in personalized advertising." *See* Jindal Decl. ¶ 8. Google

26 contends that disclosure of the information in Exhibit G "would provide Google's competitors with

27 substantial insight into how Google conducts its operations"; thereby allowing competitors to

28 "obtain a competitive advantage." *Id.* Google further contends that "someone armed with this

1   proprietary information could potentially use it in an attempt to circumvent Google's spam and

2   virus protections…." *Id.*

3   The Court is not persuaded that this document should be sealed. Google fails to explain

4   how this information could be used by a competitor in developing its own process or by a hacker or

5   spammer "to circumvent Google's spam and virus protections." *Id.* Accordingly, the Court denies

6   Google's request to seal Exhibit G without prejudice.

7   Exhibit I is a copy of a contract between Google and Cable One, Inc. Google contends that

8   good cause exists to seal this exhibit because "the terms of Google's agreement with Cable One are

9   confidential and contain sensitive information regarding the pricing and other terms Google

10  negotiated with Cable One." *See Id*. ¶ 9. Google contends that disclosure of the terms of Google's

11  agreement with Cable One could cause Google competitive harm by "giving other Google Apps

12  partners unfair insight into" the terms of Google's agreement with Cable One. *Id.* The Court

13  agrees that Exhibit I contains confidential information including the price per user Google charges

14  Cable One, the number of Google-serviced email accounts that Cable One is authorized to

15  maintain, the payment schedule between the parties, and bank account information. Disclosure of

16  this information could cause Google competitive harm. The Court therefore agrees that good cause

17  exists to seal the relevant terms. Moreover, because these terms constitute the vast majority of the

18  excerpted contract page, the Court will not require Google to submit a redacted copy of the exhibit

19  (although Google is advised that, in the future, Google should submit a copy of contracts such as

20  this one with only the sealable terms redacted). *See* Judge Koh's Standing Order Regarding Filing

21  Documents Under Seal.

22  For the reasons set forth above, the Court GRANTS the parties' request to seal Exhibit I.

23  The Court DENIES each of the parties' other requests. Within 7 days, Google may file a renewed

24  motion to seal any of the items that the Court has declined to seal without prejudice.

25  **2. Google's Motion to Seal**

26  In Google's Motion to Seal, Google seeks to seal: (1) portions of Google's Opposition to

27  Plaintiff's Motion for Leave to Amend ("Opposition"), and (2) Exhibit A to the Declaration of

28  Whitty Somvichian in Support of Google's Opposition ("Somvichian Declaration" or "Somvichian

8

Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

1   Decl.") (ECF No 210-4).  *See* Google's Motion to Seal at 2.  The Court considers each of these

2   requests in turn.

3         With respect to the Opposition, Google seeks to seal the following pages: 4:22-24, 4:24-26,

4   5:1, 5:4-6, 5:8-10, 5:11-13, 5:14, and 17:7-11.  *See* Declaration of Deepak Jindal in Support of

5   Google's Motion to Seal, ECF No. 210-2 ("Jindal Opposition Decl."), Ex. A.  Google contends that

6   "[t]he information reflected in the Opposition reveals confidential information [regarding]: (i) the

7   types of data that Google scans for in connection with emails sent to and from the Gmail system,

8   (ii) the data scanned for specifically in connection with the emails of Cable One users, and (iii)

9   how data is used and stored."  *See id.* ¶ 4.  Google contends that "[p]ublic disclosure of this

10  information would harm Google by, among other things, giving Google's competitors an unfair

11  advantage in designing their own systems… [and] would [also] harm Google, by, among other

12  things, giving potential hackers and spammers insight into how the Gmail system works."  *Id.*

13        The Court is not persuaded that good cause exists to seal these documents.  Google's

14  description of its scanning process, including the types of data scanned for and how the data is

15  used, is fairly general.  Google fails to explain how disclosure of this information would give: (1)

16  Google's competitors an unfair advantage in designing their own system, or (2) hackers and

17  spammers sufficient new insight into how the Google system works such that disclosure would

18  create a security threat.  Accordingly, the Court denies Google's request to seal this document

19  without prejudice.

20        Google also attempts to seal Exhibit A to the Somvichian Declaration.  Exhibit A consists

21  of excerpts of the transcript of the deposition of Alex Gawley, Google's Senior Product Manager.

22  Google contends Exhibit A includes the same categories of confidential information (e.g.

23  information regarding the types of data that Google scans for) as the Opposition, and that

24  disclosure of this information could cause Google "competitive harm for the same reasons" set

25  forth in connection with Google's request to seal portions of its Opposition.  *Id.* ¶ 5.

26        The Court is not persuaded that there is good cause to seal Exhibit A.  Again, Google fails

27  to explain how disclosure of the information in Exhibit A would provide competitors with an

28  "unfair advantage in designing their own systems."  *Id.* ¶ 4.  Moreover, the Court notes that while

1    Mr. Gawley does go into some detail concerning Google's scanning process, and the associated
2    infrastructure, his entire declaration is not sealable. Thus, Google has, at the very least, over-
3    designated what should be sealed. Accordingly, Google's request to seal Exhibit A is denied
4    without prejudice.

5    For the reasons set forth above, the Court DENIES without prejudice Google's requests to
6    seal portions of the Opposition and Exhibit A to the Somvichian Declaration. Google may file a
7    renewed motion to seal these items within 7 days.

### 3. Plaintiff's Motion to Seal the Reply

In Plaintiff's Motion to Seal the Reply, Plaintiff seeks to seal: (1) portions of Plaintiff's Reply in Support of the Motion for Leave to Amend ("Reply")[3], and (2) Exhibits O, P, and S to the Declaration of Sean F. Rommel in Support of Plaintiff's Motion for Leave to Amend ("Rommel Declaration" or "Rommel Decl."). *See* Motion to Seal the Reply at 1.[4] Plaintiffs seek to seal this information on the grounds that Google has designated the information "Confidential" or "Confidential Attorneys' Eyes Only" pursuant to the parties' stipulated Protective Order in this case. *See id.*

In Google's response in support of Plaintiff's Motion to Seal the Reply, Google states that, notwithstanding its prior designation of certain information as "Confidential" or "Confidential Attorneys' Eyes Only," Google only wishes to seal a limited portion of what Plaintiff has filed under seal. *See* Response to Motion to Seal the Reply at 2. Specifically, Google seeks to seal:

1. Reply pages 4:3-5, 4:6-8, 4:15-22, 5:1-2, 5:16; and
2. Exhibits O and S to the Rommel Declaration.

*See* Declaration of Deepak Jindal in Support of Response to Motion to Seal the Reply, ECF No. 214-2 ("Jindal Reply Declaration" or "Jindal Reply Decl.") ¶¶ 4-5, Ex. A.

---

[3] Specifically, Plaintiff seeks to seal the following pages of the Reply: 4:3-5, 4:6-8, 4:15-22, 4:26, 5:1-2, 5:8-10, 5:16-19, 7:14-19, 9:25, 10:26-27.
[4] The Court notes that the Motion to Seal the Reply also states that Plaintiff seeks to seal Exhibits D, E, F, G, and I to the Tapley Declaration (mistakenly referred to as the Rommel Declaration). Plaintiff's requests to seal these items have been addressed above in connection with Plaintiff's Motion to Seal the Motion for Leave to Amend.

10
Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

Because Google does not seek to seal: (1) Motion for Leave to Amend pages 4:26, 5:1-2, 5:8-10, 5:17-19, 7:14-19, 9:25, or 10:26-27, or (2) Exhibit P to the Rommel Declaration, Plaintiff's request to seal these items is DENIED without prejudice. The Court proceeds to those items Google does seek to seal.

With respect to Plaintiff's Reply, Google's grounds for sealing the designated portions of the Reply are the same as Google's grounds for sealing portions of the Motion for Leave to Amend and the Opposition. Specifically, Google states that the Reply "describes how Google scans for data in connection with its Gmail system, including for delivery of personalized advertising." *Id.* ¶ 4. Google contends that disclosure of this information could provide an advantage to Google's competitors and could further provide hackers and spammers with insight into Google's system. *Id.* Google's request to seal portions of the Reply fails for the same reasons set forth above in connection with Google's requests to seal portions of the Motion for Leave to Amend and the Opposition. Specifically, Google fails to provide any details as to how the descriptions of Google's scanning processes in the Reply would provide an advantage to Google's competitors or to hackers and spammers. Accordingly, Google's request to seal portions of the Reply is denied without prejudice.

Similarly, Google fails to show there is good cause to seal Exhibit O to the Rommel Declaration. *Id.* ¶ 5. Like Exhibit A to the Somvichian Declaration, Exhibit O contains excerpts or the deposition testimony of Alex Gawley. Google offers the same justification for sealing Exhibit O as it did for sealing Exhibit A. *Id.* The Court therefore denies without prejudice Google's request to seal Exhibit O for the reasons set forth above in connection with Exhibit A.

Google also seeks to seal Exhibit S to the Rommel Declaration. *Id.* ¶ 8. Exhibit S is a portion of Google's Google Apps Partner Edition Agreement with Cable One. This portion of the agreement describes the "[s]ervices" Google will provide as well as Cable One's "[c]ustomer [o]bligations." *See* Rommel Decl., Ex. S. Google contends that disclosure of this information would provide "other Google Apps partners unfair insight into the types of provisions and specific terms that Google negotiated specifically with Cable One." Jindal Reply Decl. ¶ 8.

11

Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL

The Court is not persuaded that good cause exists to seal this document. As an initial matter, the Court notes that the provisions of Google's Agreement with Cable One reflected in Exhibit S appear to be standard provisions for Google Apps Partners, as opposed to negotiated provisions specifically pertaining to Cable One. Moreover, the excerpted page of the contract does not include any pricing terms or confidential financial information. Accordingly, the Court denies Google's request to seal Exhibit S with prejudice.

### III. CONCLUSION

For the reasons set forth above the Court:

1. GRANTS the parties' request to seal Exhibits G and I to the Tapley Declaration;
2. DENIES the parties' requests to seal portions of the Motion for Leave to Amend;
3. DENIES the parties' requests to seal portions of the TAC;
4. DENIES Google's request to seal Exhibits D, E, F, and G to the Tapley Declaration;
5. DENIES Google's requests to seal portions of the Opposition;
6. DENIES Google's request to seal Exhibit A to the Somvichian Declaration;
7. DENIES the parties' requests to seal portions of the Reply; and
8. DENIES the parties' requests to seal Exhibits O, P, and S to the Rommel Declaration.

Google may file a renewed motion to seal any of the items that the Court has declined to seal without prejudice. If Google elects to file a new motion to seal, it must do so within 7 days.

**IT IS SO ORDERED.**

Dated: December 12, 2012

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

12
Case No.: 12-CV-03305-LHK
ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL