UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH DUNBAR,<br><br>                Plaintiff,<br>   v.<br>GOOGLE, INC.,<br><br>              Defendant. | Case No.: C 12-3305 LHK<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION**<br><br>**(Re: Docket No. 215)** |

Earlier today the parties appeared for hearing on a motion to compel discovery responses brought by Plaintiff Keith Dunbar ("Dunbar"). Defendant Google, Inc. ("Google") opposes the motion. In a nutshell, Dunbar wants Google to supplement its production of documents responsive to its first set of requests, specifically Requests Nos. 1, 2, 12(6), and 12(30). The requests arise from Dunbar's claim that Google violates 18 U.S.C. §§ 2511(1)(a) and (1)(d) by intercepting emails sent to Gmail users by others and thereafter using the content acquired from therein. Dunbar claims that in doing so Google avoids paying third parties "traffic acquisition costs" for the same type of data and content.

      To avoid any unnecessary further delay in this case, the court will dispense with a lengthy discussion of background and the parties' respective arguments. In light of Judge Koh's orders allowing Dunbar to file a third amended complaint and setting a schedule for Dunbar's motion for

1

class certification, and the disappointing pace of supplemental document production in the many months since transfer of this case from the Eastern District of Texas, the court instead simply rules as follows:

IT IS HEREBY ORDERED that Google shall complete its production of documents relating PHIL, keywords, and four other categories identified at lines 6-7 of page 12 of its opposition, including the three specific documents referenced in Dunbar's motion and acknowledged by Google at line 8 on page 12 of its opposition;

IT IS FURTHER ORDERED that Google shall complete its production of documents identified at lines 12-15 of page 123 of its opposition. These documents are limited to all "overview" documents from Google's internal wikis and other central sources. To the extent Dunbar requires details beyond the overview provided by these overview documents, Dunbar may move again for relief. This balance best achieves the goals set forth in Fed. R. Civ. P. 26(b)(2)(C); and

IT IS FURTHER ORDERED that Google shall complete this production no later than January 25, 2013.

All other relief requested, including an order requiring production of metadata in other Gmail users' inboxes, is DENIED. Even if Dunbar were only seeking production of the email communications in which he was the "originator" (for which a voluntary exception could apply under 18 U.S.C. § 2702(b)(3)), Google may not be compelled to produce the emails and associated metadata that it maintains in electronic storage subject to the Stored Communications Act.[1]

**IT IS SO ORDERED.**

Dated: January 8, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *See* 18 U.S.C. § 2702; *In re Request For Order Requiring Facebook, Inc. to Produce Documents & Things*, Case No. C 12-80171 LHK (PSG) (N.D. Cal. Sept. 20, 2012).

2
Case No.: C 12-3305 LHK (PSG)
ORDER