UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEITH DUNBAR, ) | Case No.: C 12-3305 LHK |
| ) Plaintiff, ) | **ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE THE COURT'S JANUARY 8, 2013 ORDER** |
| v. ) GOOGLE, INC., ) ) | **(Re: Docket No. 254)** |
| Defendant. ) ) | |

Plaintiff Keith Dunbar ("Dunbar") moves to enforce the court's January 8, 2013 order compelling Defendant Google, Inc. ("Google") to produce certain documents. Although not explicit in his papers, at the hearing Dunbar also requested sanctions. Having reviewed the parties' papers and considered their oral arguments, the court DENIES Dunbar's motion.

**DISCUSSION**

The parties were last before the court regarding this discovery dispute on January 8, 2013.[1] At that time, Dunbar sought to compel supplemental production of various documents responsive to several of his requests, including the documents at issue here.[2] In that earlier motion and again here, Dunbar claims that Google has not produced three types of documents: (1) documents

---

[1] *See* Docket No. 242.

[2] *See* Docket No. 215.

1

Case No.: C 12-3305 LHK (PSG)
ORDER

relating to "Gmail ad targeting and data flow" referenced in one of the documents Google did produce; (2) documents found at a link referenced in another produced document; and (3) "any prior, final, or subsequent versions" of four of the documents.[3]  Following the January 8 hearing, the court issued an order in part requiring Google to produce those documents.[4]

Google describes the documents at issue as two versions of explanations of its automated processing system in Gmail.[5]  The first version is a diagram that provides an overview of the system ("Diagram") and includes a link to document with a more detailed explanation ("Description").[6]  The second version is the document just described, the Description, which contains a link back to the Diagram.[7]  According to Google, "Gmail ad targeting and data flow" is the hyperlink in the Diagram and the link referenced in Dunbar's second request is the hyperlink from the Description back to the Diagram.[8]  Google claims that it produced both the Diagram and the Description in 2011 and an updated version of the documents prior to the court's January 8 order.[9]

Dunbar seeks to enforce the court's order because he believes that Google has not produced the document titled "Gmail ad targeting and data flow" and that it has not produced all versions of either the Diagram or the Description.[10]  As to his contention that "Gmail ad targeting and data flow" refers to documents other than the Description, Dunbar offers primarily his suspicion that

---

[3] *See* Docket Nos. 215, 248.

[4] *See* Docket No. 244.

[5] *See* Docket No. 265.

[6] *See* Docket No. 265 Ex. 2; *see also* Docket No. 244 Exs. C, D (filed under seal).

[7] *See* Docket No. 265 Ex. 2.

[8] *See id.*

[9] *See* Docket No. 265; *see also* Docket No. 244 Exs. A, C (filed under seal).

[10] *See* Docket No. 244.

2

Case No.: C 12-3305 LHK (PSG)
ORDER

other documents exist. He points to Google's failure to clarify earlier that the title is just a hyperlink to the Description and to the updated version of the Description to suggest that Google has other documents with this title. But Dunbar offers no evidence beyond his suppositions that there are other, absent documents, and Google states that it has no other documents with that link attached or with that title. Absent some showing by Dunbar that there in fact other documents that Google has not produced, Google is in compliance with the court's January 8 order and so granting Dunbar's motion is inappropriate.

Dunbar's second assertion – that Google has not produced prior versions or updated versions of the Diagram or the Description – has more traction. Google produced updated versions of both documents on January 7.[11] According to Google, any past versions of the documents were not saved as separate files because they were continuously updated, and so the new versions were saved over the old versions.[12] But Google apparently refuses to certify that no prior versions exist because the documents were routinely sent to various employees and so someone may have a copy of an earlier version, but it does not have anything other than the latest version of the document.[13] While at the hearing Google suggested to the court that it has identified custodians who may have an earlier version it has not established that it successfully located any earlier versions. Google also maintains that the attorney-client privilege protects any versions produced before it shared the documents with parties other than its in-house counsel.[14]

Google asserts that it has no obligation to retain these past versions of the Diagram and the Description because they were altered in the normal course of business. Although pursuant to Fed.

---

[11] *See* Docket No. 265.

[12] *See id.* Ex. 2.

[13] *See* Docket No. 244; Docket No. 265 Ex. 2.

[14] *See* Docket No. 265.

3

Case No.: C 12-3305 LHK (PSG)
ORDER

R. Civ. P. 37(e), the court "may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good-faith operation of an electronic information system," the court is concerned that Google appears to have failed to take steps to preserve documents that could have been discoverable in this case even after litigation commenced.[15] Given that "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action,"[16] Google's failure to retain older versions of the documents as they were being amended is problematic. Dunbar filed this action in 2010 and requested these documents, and Google produced the documents, in 2011.[17] Google thus had plenty of notice that these two documents were relevant to Dunbar's case.

Nevertheless, because nothing in either Dunbar's papers or Google's opposition suggests that the failure to preserve prior versions of the documents was the result of a "culpable state of mind" that supports a finding of spoliation,[18] the court does not find that either a further order to enforce or sanctions are warranted. Google nevertheless shall identify any potential custodians of previous versions of the documents over which it does not maintain a claim of privilege and produce such versions within fourteen days.

**IT IS SO ORDERED.**

Dated: April 2, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, 888 F. Supp. 2d 976, 990 (N.D. Cal. 2012); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003).

[16] *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

[17] *See* Docket No. 1; Docket No. 265 Ex. 2.

[18] *See Residential Funding Corp. v. DeGeourge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

4
Case No.: C 12-3305 LHK (PSG)
ORDER